

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff/Respondent, vs. CURTIS RAY EDER, Defendant/Movant. | Cause No. CR 10-97-GF-SEH<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

On December 3, 2013, Defendant/Movant Curtis Ray Eder, a federal prisoner proceeding with counsel, filed a motion under 28 U.S.C. § 2255. He alleged, relying on *United States v. Zepeda*, 738 F.3d 201 (9th Cir. 2013), that the United States did not introduce sufficient proof at trial to establish the jurisdictional element of his Indian status. Mot. § 2255 (Doc. 122) at 3. The claim was procedurally defaulted for not having been raised on direct review. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Notwithstanding Eder's contention that the failure of proof shows that subject matter jurisdiction was absent, "the insufficiency of proof of a jurisdictional fact cannot undermine a district court's subject-matter jurisdiction." *United States v. Ratigan*, 351 F.3d 957, 960 (9th Cir. 2003). Moreover, at trial, the United States introduced evidence to show that Eder was an enrolled member of the Fort Peck Assiniboine and Sioux Tribes. Eder Exs. A, B (Docs. 123-1, 123-2). Nevertheless, Eder was given an opportunity to show

some excuse for his procedural default. *Id.* at 964-65; *see also* Order (Doc. 124) at 1-2. He did not respond. The sole claim is defaulted, and the default is unexcused. The § 2255 motion is denied.[1] A certificate of appealability is not warranted. Eder has not made a showing with any substance to it that he was deprived of a constitutional right. 28 U.S.C. § 2253(c)(2).

**ORDERED:**

1. Eder's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 122) is DENIED.

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Eder files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 13-103-GF-SEH are terminated and shall close the civil file by entering judgment in favor of the United States and against Eder.

DATED this 1st day of April, 2014.

Sam E. Haddon
United States District Court

---

[1] On February 10, 2014, the panel opinion in *Zepeda* was withdrawn for rehearing en banc. *Zepeda*, 742 F.3d 910. However, regardless of the Circuit's ultimate decision, the disposition of Eder's claim remains the same.