# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CURTIS RAY EDER,<br><br>Defendant. | CR 10-97-GF-BMM<br><br>**ORDER** |

## BACKGROUND

Defendant Curtis Ray Eder ("Eder") filed a pro se motion for compassionate release on February 12, 2024. (Doc. 138.) Eder filed subsequently an amended motion for compassionate release on May 6, 2024. (Doc. 145.) The government opposes Eder's motion. (Doc. 148.)

Eder was convicted by a jury of second-degree murder, count 2, and assault resulting in serious bodily injury, count 4. (Doc. 83.) The Court sentenced Eder to 365 months of custody on count 2, 35 months of custody on count 4, running concurrently, restitution of $4771.78, and $200 in special assessments. (Doc. 102.) The Court sentenced Eder to 5 years of supervised release on count 2 and 3 years of supervised release on count 4, running concurrently. (*Id.*) Eder advises that he has served 14 years, or approximately 168 months, of his custodial sentence. (Doc. 146

at 2.) Eder's release date is projected as June 16, 2036. *See* BOP Inmate Finder, https://www.bop.gov/inmateloc/ (last visited May 16, 2024).

## I. Availability of Relief Under 18 U.S.C. § 3582

The First Step Act of 2018 permits district courts to reduce an existing term of imprisonment on motion from the defendant so long as a defendant first seeks relief from the Bureau of Prisons and the reduction: (1) is consistent with the applicable policy statements of the Sentencing Commission; (2) takes into consideration the sentencing factors of 18 U.S.C. § 3553(a); and (3) is warranted by "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam).

The Sentencing Commission policy statement, which took effect on November 1, 2023, controls. *See* Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254 (May 3, 2023). Section § 1B1.13(b)(5) provides exceptional circumstances may exist where "[t]he defendant presents any other circumstances or combination of circumstances that, when considered by themselves or together with any of the reasons described [by the preceding policy statement provisions] are similar in gravity to [the preceding policy statement provisions]." The Sentencing Commission also explains that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." *Id.* at § 1B1.13(d). Rehabilitation may be considered, however, "in combination with other circumstances in determining

whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *Id.*

## II. Whether Eder has exhausted administrative remedies.

Eder asserts, and the government does not dispute, that he has exhausted his administrative remedies. *Cf.* (Doc. 138-1); (Doc. 146 at 8); (Doc. 148 at 5.) Eder has fulfilled this requirement.

## III. Whether Eder has demonstrated extraordinary and compelling reasons.

Eder received a sentence of 365 months of custody, the maximum guideline range for a total offense level of 40 and a criminal history category of I. (Doc. 146 at 2.) Eder provides the U.S. Sentencing Commission Statistical Information Packet for fiscal year 2012, the year Eder was sentenced. (Doc. 146-2.) The median sentence for murder in the District of Montana in 2012 was 210 months of custody. (*Id.* at 12.) The national median for murder in 2012 was 216 months of custody. (*Id.*) The U.S. Sentencing Commission calculates that for FY2019-2023, the average length of imprisonment for a defendant with a final offense level of 40 and a criminal history category of I was 260 months, while the median length of imprisonment was 240 months. *See* U.S. Sentencing Comm'n, "Interactive Data Analyzer Dashboard," https://jsin.ussc.gov/analytics/saw.dll?Dashboard (last visited May 17, 2024).

Eder further advises that he has taken substantial steps toward rehabilitation during his incarceration. (Doc. 146 at 5-6.) Eder has had no serious disciplinary

infractions while incarcerated, and no minor write-ups since 2017. (Doc. 146-6.) Eder was previously enrolled in the Mental Health Step Down program, and he advises that there will be substantial support in place for him when he is released from his term of custody. (Doc. 146 at 6.) Eder has received mental health treatment and medical intervention to treat bi-polar disorder. The Court determines that Eder's substantial sentence, coupled with his record of rehabilitation, amount to extraordinary and compelling reasons within the meaning of section 3582(c)(1)(A). Eder has fulfilled this requirement.

### IV. Whether granting Eder's motion comports with the factors set forth in 18 U.S.C. 3553(a).

Section 3553(a) of title eighteen of the U.S. Code provides that pertinent sentencing factors include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care.

The seriousness of Eder's crime cannot be overstated. Eder stabbed victim R.B. numerous times as he lay in bed, causing his death, and bit off victim D.B.'s lower ear lobe. (*See* Doc. 148.) The seriousness of Eder's crime and the need for the sentence to deter criminal conduct and protect the public collectively do not warrant

4

Eder's immediate release.

The Court determines, however, that the length of Eder's current 365 month sentence fails to provide just punishment for the law given its substantial increase over sentences imposed on similarly situated defendants. Eder has further participated in mental health treatment, as evidence by his participation in the Mental Health Step Down program. He has also participated in substantial educational programming while incarcerated. (*See* Doc. 138-2.) These 3553(a) factors support a sentence reduction, albeit slight. The Court will adjust Eder's sentence accordingly.

## ORDER

Accordingly, **IT IS ORDERED**:

Eder's motion for compassionate release (Doc. 138); (Doc. 145) is **GRANTED in part**. The Court reduces Eder's sentence to 300 months of custody on count 2, 35 months of custody on count 4, running concurrently. Eder shall be placed on supervised release for a period of 5 years of count 2, and 3 years on count 4, running concurrently, following his release from custody.

DATED this 29th Day of May 2024.

_____
Brian Morris, Chief District Judge
United States District Court