# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CURTIS RAY EDER,<br><br>Defendant. | Cause No. CR 10-97-GF-BMM<br><br><br><br>**ORDER** |

## INTRODUCTION

Defendant Curtis Ray Eder ("Eder") filed a motion for sentence reduction on April 8, 2025. (Doc. 152.) Eder argues that his sentence should be reduced under 18 U.S.C. § 3582(c)(2) based on Amendment 826 to the United States Sentencing Guidelines, arguing that his vulnerable victim enhancement was improperly based on acquitted conduct, and under 18 U.S.C. § 3582(c)(1) based on his post-sentencing rehabilitation and, invoking § 3553(a), the new factor of the support system available upon his release. (Doc. 152 at 3-4.) The Government opposes Eder's motion. (Doc. 155.). The Government argues that Amendment 826 is not retroactive, that Eder's vulnerable victim enhancement was properly based on his second-degree murder conviction, and that even if "extraordinary and compelling" circumstances existed

1

due to rehabilitation or support system, further sentence reduction is not warranted under the § 3553(a) factors. (Doc. 155 at 3-4.)

## FACTUAL BACKGROUND

The Government filed an indictment on October 21, 2010, charging Eder with one count of First Degree Murder in violation of 18 U.S.C. §§ 1153(a) and 1111, one count of Second Degree Murder in violation of 18 U.S.C. §§ 1153(a) and 1111, one count of Intent to Maim or Disfigure in violation of 18 U.S.C. §§ 1153(a) and 114, and one count of Assault with Serious Bodily Injury in violation of 18 U.S.C. §§ 1153(a) and 113(a)(6). (Doc. 1.)

A jury found Eder guilty on Count II of Second Degree Murder for stabbing his sleeping cousin and on Count IV of Assault with Serious Bodily Injury for biting off the earlobe of the mother of his child. (Doc. 112 at 12, 18-19.) Eder's offense level was 40 and his criminal history score placed him in category I. (Doc. 112.) The Court originally sentenced Eder to the custody of the Bureau of Prisons ("BOP") for 365 months on Count II and 35 months on Count IV to run concurrently. (Doc. 93.)

Eder submitted a request for compassionate release to BOP on January 5, 2024. (Doc. 146 at 8.) The Court granted in part Eder's motion for compassionate release and resentenced him to a total term of 300 months (300 months on Count II and 35 months on Count IV to run concurrently), reducing Eder's sentence by five years. (Doc. 151.) Eder has served 14 years of his sentence. Eder's projected release

date is May 11, 2031. *See* BOP Inmate Finder, https://www.bop.gov/inmateloc/ (accessed June 15, 2025). Eder is incarcerated at FTC Oklahoma City. *See id.*

## DISCUSSION

### I.     Availability of Relief Under 18 U.S.C. § 3582

The First Step Act amended the United States Code to "promote rehabilitation of prisoners and unwind decades of mass incarceration." *United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019) (citing Cong. Research Serv., R45558, The First Step Act of 2018: An Overview 1 (2019)). The Court may modify a term of imprisonment upon motion of a defendant if the Court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must consider the factors set forth in 18 U.S.C. § 3553(a) and whether the reduction proves "consistent with applicable policy statements issued by the Sentencing Commission" when the Court is considering the reduction of a defendant's term of imprisonment. *Brown*, 411 F. Supp. 3d at 448 (citing 18 U.S.C. § 3582(c)(1)(A)).

Congress has not defined the circumstances that rise to the level of "extraordinary and compelling," except to say that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t); *Brown*, 411 F. Supp. 3d at 448. The law instead directs the United States Sentencing Commission ("USSC") to issue a policy

3

statement describing "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t); *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021).

Section 1B1.13 of the United States Sentencing Guidelines ("USSG"), titled Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) ("Policy Statement"), previously only provided a policy statement for motions filed by the BOP director. Amendments to USSG § 1B1.13 took effect on November 1, 2023. "The amendment revises §1B1.13(a) to reflect that a defendant is now authorized to file a motion under 18 U.S.C. § 3582(c)(1)(A), making the policy statement applicable to both defendant-filed and BOP-filed motions." USSC, Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index, at 7, https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf.

The amendments provide as follows:

Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:

(1) Medical Circumstances of the Defendant.—

   . . .

   (B) The defendant is—
      (i) suffering from a serious physical or medical condition,

4

(ii) suffering from a serious functional or cognitive impairment, or

(iii) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

. . .

(5) Other Reasons.—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

(6) Unusually Long Sentence.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

USSC, *Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index*, at 3. The catchall "other reasons" provision reflects the USSC's belief that "guidance beyond that provided in the amended policy statement regarding what circumstances or combination of circumstances are sufficiently extraordinary and compelling to warrant a reduction in sentence is best provided by reviewing courts." (*Id.* at 10.) The "unusually long sentence" provision

applies where there have been non-retroactive changes to the law. (*Id.*) This provision recognizes that "[o]ne of the expressed purposes of section 3582(c)(1)(A) when it was enacted in 1984 was to provide a narrow avenue for judicial relief from unusually long sentences." (*Id.* at 11 (citing S. REP. NO. 98–225 (1983)). USSG § 1B1.13(b).

### A. Exhaustion of Remedies

Eder appropriately exhausted his administrative remedies as required before filing his motion for sentence reduction. Eder submitted a copy of a letter he sent to the warden on February 25, 2025. (Doc. 152.) The letter requests that a § 3582 motion be filed regarding acquitted conduct that was allegedly used to elevate his sentence. (*Id.*) Eder has exhausted his administrative remedies, as more than 30 days have elapsed since that request was sent. 18 U.S.C. § 3582(c)(1)(A).

### B. Reason for Reduction

Eder asserts that the Court should find that extraordinary and compelling reasons for the reduction of Eder's sentence exist under the new Amendments by the U.S. Sentencing Commission. Eder cites the improper use of acquitted conduct in his vulnerable victim enhancement, his post-sentencing rehabilitation, and the support system available upon his release as factors supporting a finding of extraordinary and compelling reasons. Eder further argues that under § 3553(a), the Court should consider the new factor of the support system. (Doc. 152 at 3-4.)

### 1. The Acquitted Conduct Amendment

6

Eder argues that his sentence should be reduced based on Amendment 826 to the United States Sentencing Guidelines, which became effective November 1, 2024. Amendment 826 amended USSG § 1B1.3 to generally exclude acquitted conduct from relevant conduct calculations. Eder argues that his vulnerable victim enhancement was improperly based on acquitted conduct from Count I (first-degree murder). The Government argues that Amendment 826 does not apply retroactively, and that Eder's vulnerable victim enhancement was properly based on his second-degree murder conviction rather than acquitted conduct from Count I. (Doc. 155.)

The Court finds that Eder's motion under § 3582(c)(2) fails for two reasons. First, Amendment 826 is not retroactive. See USSG § 1B1.10(d) (2024). Section 1B1.10 functions as a gatekeeper, specifying which amendments apply retroactively and give rise to a sentence reduction motion under § 3582(c)(2). Amendment 826 is not listed among the retroactive amendments in § 1B1.10(d).

Second, even if Amendment 826 were retroactive, Eder's claim that his vulnerable victim enhancement was based on acquitted conduct is incorrect. Eder received a two-level enhancement under USSG § 3A1.1 for vulnerable victim. This enhancement was based on his conviction for second-degree murder on Count II—specifically, that he stabbed his sleeping cousin. The victim of both Count I (first-degree murder) and Count II (second-degree murder) was the same person. The vulnerable victim enhancement was properly applied based on the circumstances of

the murder conviction, not on acquitted conduct from Count I. Eder's acquittal on Count I had no effect on the application of the vulnerable victim enhancement for his second-degree murder conviction.

### 2. Post-Sentence Rehabilitation Efforts

"Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). Eder has submitted evidence of the substantial rehabilitative programming that he has engaged in while incarcerated. The record shows that Eder has completed various educational and vocational trainings and has maintained chapel employment while incarcerated. (*See* Doc. 152-2.) The Court commends Eder on his engagement and participation in such programs. The Court also notes that Eder appears to have had no disciplinary infractions for the last six months. (*Id.*) The Court commends Eder on this good behavior. The Court recognizes, however, that rehabilitation alone cannot serve as the basis for a sentence reduction under 28 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t).

### 3. Section 3553(a) Factors

The Court still must consider whether reducing Eder's sentence as requested would comport with the § 3553(a) factors. Section 3553(a) of Title 18 of the United States Code provides:

> The court, in determining the particular sentence to be imposed, shall consider—
> (1) the nature and circumstances of the offense and the history and

>    characteristics of the defendant;
> (2) the need for the sentence imposed—
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a). The Court also must consider the kinds of sentences available, the need to provide restitution to any victims, the recommended guideline sentence, any pertinent policy statement, and the need to avoid unwarranted sentence disparities. (*Id.*)

Eder argues that the Court should consider under § 3553(a) the support system that would be available to him upon release. Eder presents evidence of George Jeffery Eder, who the Court assumes is family, willing to assist with Eder's reintegration. (Doc. 152-3.) The evidence shows that his support system will: (1) keep him from associating and communicating with anyone with a criminal history; (2) closely monitor him to help ensure he is not involved in any type of criminal activity; (3) immediately notify local law enforcement if Eder were to break any state or federal law; (4) aid him in finding and maintaining employment; and (5) aid him with any need he may require. (*Id.*)

9

The Government argues that even if extraordinary and compelling circumstances existed due to post-sentencing rehabilitation or support system for Eder if he were released, further sentence reduction is not warranted under the § 3553(a) factors. (Doc. 155 at 3-4.)

The nature and circumstances of Eder's offenses remain serious. Eder murdered his sleeping cousin, a United States Army soldier home on leave, by stabbing him multiple times while he was defenseless and unable to protect himself. Eder also committed assault resulting in serious bodily injury against the mother of his child by biting off her earlobe. These violent crimes involved serious criminal conduct that warrants substantial punishment. The need for the sentence to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" weighs against further reduction. 18 U.S.C. § 3553(a)(2)(A). Additional reduction would undermine respect for the law and fail to adequately reflect the gravity of Eder's crimes. The sentence must also provide adequate deterrence and protect the public from further crimes.

The Court acknowledges the importance of a support system for successful reintegration. This factor alone does not constitute extraordinary and compelling circumstances warranting sentence reduction. These factors do not outweigh the serious nature of Eder's crimes and the substantial five-year reduction this Court has already granted

Eder's claims under § 3582(c)(2) based on Amendment 826 fail because Amendment 826 is not retroactive and his vulnerable victim enhancement was properly based on his second-degree murder conviction rather than acquitted conduct. Eder's post-sentencing rehabilitation under § 3582(c)(1) and his support system, individually or when considered together, fail to rise to the level of extraordinary and compelling reasons for a sentence reduction. Eder's new factor of having a support system does not warrant a sentence reduction under § 3553(a).

The Court commends Eder's progress and steps towards rehabilitation, including his educational achievements, vocational training, chapel work assignment, and clean disciplinary record. The Court also acknowledges the support system that would be available to Eder upon his release. These factors do not outweigh the serious nature of Eder's crimes under § 3553(a) and the substantial five-year reduction this Court has already granted. The Court encourages Eder to continue his rehabilitation and return to the Court after having demonstrated further progress in his rehabilitation.

## CONCLUSION

Eder has not demonstrated that extraordinary and compelling reasons exist for a sentence reduction under 18 U.S.C. § 3582(c)(1), nor has he established grounds for relieve under 18 U.S.C. § 3582(c)(2). This Court has already granted Eder significant relief by reducing his sentence by five years. The § 3553(a) new factor

11

weigh against further reduction given the serious nature of Eder's crimes. Additional reduction is not warranted under the circumstances presented.

## ORDER

Accordingly, **IT IS ORDERED** that Eder's motion for sentence reduction (Doc. 152) is **DENIED.**

DATED this 17th day of June, 2025.

_____
Brian Morris, Chief District Judge
United States District Court